IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sam Goodman, | ) Case No. 6:14-cv-04276-BHH-JDA |
| | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Plaintiff, | ) **OF MAGISTRATE JUDGE** |
| | ) |
| v. | ) |
| | ) |
| Dr. Sally Blake c/o South Carolina | ) |
| Department of Corrections Housed in Lee | ) |
| Correctional Institution, | ) |
| | ) |
| Defendant.[1] | ) |
| _____ | ) |

This matter is before the Court on a motion for summary judgment filed by Defendant [Doc. 39] and a motion for the South Carolina Department of Corrections ("SCDC") to pay medical costs upon release filed by Plaintiff [Doc. 46]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed his Complaint on October 20, 2014, alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] [Doc. 1.] Defendant

---

[1] Plaintiff identifies Defendant as a doctor throughout his Complaint [Doc. 1]; however, Defendant's memorandum in support of her motion for summary judgment and attached exhibits clarify that Defendant was a nurse practitioner [*see, e.g.*, Docs. 39-1 at 2 ("[D]efendant Blake is a licensed nurse practitioner employed by the South Carolina Department of Corrections."); 39-2 (identifying "Nurse Practitioner Sally Blake")].

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, Plaintiff has been released from prison [Docs. 33, 34]; however, because he was a prisoner at the time he filed his Complaint, he is entitled to the earlier filing date. Accordingly, his Complaint was filed on October 20, 2014. [Doc. 1-1 at 2 (envelope stamped as received by the prison mailroom on October 20, 2014).]

filed her motion for summary judgment on May 20, 2015. [Doc. 39.] By Order filed May 21, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 40.] Plaintiff subsequently filed a response in opposition to the motion for summary judgment and a motion for SCDC to pay medical costs upon release. [Doc. 46.] Defendant filed a response in opposition to the motion for SCDC to pay medical costs upon release on June 18, 2015. [Doc. 49.] Accordingly, the motions are now ripe for review.

## **BACKGROUND**[3]

During the time of the incidents alleged in the Complaint, Plaintiff was an inmate of SCDC and was housed at Lee Correctional Institution ("Lee") [Doc. 1 at 4–5]; Plaintiff has since been released from SCDC [Docs. 33, 34]. Plaintiff alleges Defendant violated his constitutional rights by displaying deliberate indifference to his serious medical need of treatment for a hernia. [Doc. 1 at 3–5.] Plaintiff was diagnosed with an operable hernia upon his admission into SCDC in February 2012. [*Id.* at 3.] Plaintiff was later transferred to Lee and went to sick call about his hernia and the pain it caused. [*Id.* at 4.] He met with Defendant, and she acknowledged the hernia and that Plaintiff needed to have it removed. [*Id.*] Defendant asked Plaintiff how much time he had left to serve in SCDC, and he replied "eight more months." [*Id.*] Defendant told him that he could wait until after his release and

---

[3]The facts included in this Background section are taken directly from Plaintiff's Complaint. In his Complaint, Plaintiff includes facts relating to his medical care at Kirkland Correctional Institution and Evans Correctional Institution; however, Defendant was an employee at Lee. [Doc. 1.] Thus, the Court will limit its discussion of the facts to Plaintiff's allegations of insufficient medical treatment at Lee.

2

have the hernia taken care of at that time. [*Id.* at 4–5.] In addition to injunctive relief, Plaintiff seeks punitive damages of $1.5 million, compensatory damages of $500,000, and $2 million for pain and suffering. [*Id.* at 5.]

## APPLICABLE LAW

### Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Requirements for a Cause of Action Under § 1983

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983

3

allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all

inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

6

>       (B) showing that the materials cited do not establish the
>       absence or presence of a genuine dispute, or that an
>       adverse party cannot produce admissible evidence to
>       support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

### **Claims for Injunctive and/or Declaratory Relief are Moot**

As an initial matter, because Plaintiff is no longer incarcerated at Lee, his claims are moot to the extent he is seeking injunctive and/or declaratory relief. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (holding former detainee's request for injunctive relief was moot). Plaintiff's claims for monetary damages, however, survive his transfer from Lee, *id.*, and as a public official, Defendant is subject to suit for damages

in her individual capacity[4] in a § 1983 lawsuit, *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Goodmon v. Rockefeller*, 947 F.2d 1186, 1187 (4th Cir. 1991).

**Deliberate Indifference to Serious Medical Needs Claim**

Plaintiff argues that Defendant was deliberately indifferent to his serious medical need. [Doc. 1 at 3–4.] Defendant contends that no evidence supports Plaintiff's claim of deliberate indifference to a serious medical need and Plaintiff cannot demonstrate that he has suffered any harm or that his medical need was sufficiently serious. [Doc. 39-1 at 11–12.] The Court agrees Defendant is entitled to summary judgment with respect to Plaintiff's claim.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment and states a cause of action under § 1983 because deliberate indifference constitutes "the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104–05 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and

---

[4] To the extent Plaintiff brings this suit against Defendant in her official capacity under § 1983, Defendant is entitled to immunity pursuant to the Eleventh Amendment from Plaintiff's claim for monetary damages. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Further, Eleventh Amendment immunity "extends to 'arm [s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. *Id.* As a result, to the extent Plaintiff has alleged a claim for monetary damages against Defendant in her official capacity under § 1983, that claim must be dismissed because in her official capacity, Defendant is entitled to immunity pursuant to the Eleventh Amendment.

Stevens, JJ.)). Deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." (citation omitted)). Within the United States Court of Appeals for the Fourth Circuit, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights. *Miltier*, 896 F.2d at 851.

To prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical condition was a sufficiently serious one[5] and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by the prison officials. *Goodman v. Wexford Health Sources, Inc.*, No. 09-6996, 2011 WL 1594915, at *1 (4th Cir. Apr. 28, 2011) (quoting *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998)). As the United States Supreme Court has explained,

> Since, we said, only the "'unnecessary *and wanton* infliction of pain'" implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. "It is *only* such indifference" that can violate the Eighth Amendment;

---

[5]"A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990) (citing *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987); *Hendrix v. Faulkner*, 525 F. Supp. 435, 454 (N.D. Ind.1981)).

9

> allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnos[is]," simply fail to establish the requisite culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (emphasis and alteration in original) (citations omitted). Further, in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir.1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817). The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g.*, *Russell*, 528 F.2d at 319.

In this case, assuming without deciding that Plaintiff can establish his medical need was sufficiently serious, he has failed to establish a genuine issue of material fact remains as to whether Defendant acted with a sufficiently culpable state of mind. Plaintiff has failed to show Defendant knew of and ignored Plaintiff's need for medical care or that Plaintiff received inadequate medical care. Plaintiff does not contest that he received medical care, and evidence from the record establishes Plaintiff was seen by multiple medical providers during his time at Lee. [Doc. 39-2 at 5–15.] Plaintiff's medical records show that before he was seen by Defendant, he had previously complained to staff at Lee about his hernia on two occasions. [*Id.* at 14–15.] Notes from those encounters state that Plaintiff was "in

no acute distress" and was told to report back to medical if the hernia became very painful or hardened. [*Id.*]

Defendant responded to Plaintiff's request for medical treatment on August 5, 2014. [*Id.* at 11.] Plaintiff's medical record shows that he reported to medical complaining of right arm pain. [*Id.* at 11.] He told Defendant that he had experienced a left groin hernia since 2012. [*Id.*] Defendant recommended Plaintiff take motrin with food three times each day for 30 days, follow-up with his family physician once he was released, and not push or pull heavy objects. [*Id.*] Moreover, Plaintiff was seen by medical staff at Lee after his encounter with Defendant and did not complain about any issue relating to his hernia. [*Id.* at 5–11.] When Plaintiff was transferred to Macdougall Correctional Institution, he "denie[d] any current medical, mental, emotional, or dental problem [and noted] he ha[d] hypertension" on his medical intake form but did not mention a hernia. [*Id.* at 36.] The fact that Plaintiff does not agree with the type of treatment provided does not create a cause of action under § 1983. *See, e.g., Russell*, 528 F.2d at 319. Thus, Plaintiff has failed to produce evidence that Defendant was deliberately indifferent to his serious medical need, and summary judgment is appropriate with respect to this claim.[6]

---

[6]To the extent that Plaintiff alleges Defendant was deliberately indifferent to his serious medical need by unreasonably delaying treatment for his hernia, Plaintiff has likewise failed to state a constitutional violation. Plaintiff has failed to provide ay evidence beyond his own conclusory allegation that his condition was made worse by any delay or that he has incurred any costs since his release related to a delay in treatment. [*See* Doc. 15 at 1 (Petitioner's response in opposition to the motion for summary judgment stating that Defendant "lied in [her] motion for summary judgment [and] the problem got worse in SCDC")]; *see also Ross*, 759 F.2d at 365 (stating that conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion).

Further, to the extent Plaintiff alleges negligence or medical malpractice, negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Id.*

11

**Qualified Immunity**

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.* Further, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether qualified immunity applies, a court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all[ ] and . . . whether that right was clearly established at the time of the alleged violation.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action[,] assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow*, 457 U.S. at 819). For purposes of this analysis, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640.

---

("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

District court and court of appeals judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a court decides in the negative the first prong it considers—i.e., the court decides the plaintiff has not alleged the deprivation of an actual constitutional right or the right was not clearly established at the time of the alleged violation—the court need not consider the other prong of the qualified immunity analysis. *See id.* at 243–45; *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991) (holding the court "need not formally resolve" the constitutional question of "whether the [plaintiffs] were arrested without probable cause" to address the plaintiffs' § 1983 claim; the court stated that it "need only determine whether [the defendant]—a deputy sheriff performing within the normal course of his employment—acted with the objective reasonableness necessary to entitle him to qualified immunity").

As discussed above, Plaintiff's allegations fail to demonstrate Defendant violated Plaintiff's constitutional rights. Therefore, Defendant is entitled to qualified immunity.

**Plaintiff's Motion for Medical Costs**

In his response in opposition to the motion for summary judgment, Plaintiff also requests that this Court order SCDC to pay the costs associated with his hernia after his release. [Doc. 46.] As discussed, supra, summary judgment is appropriate with respect to Plaintiff's underlying claim; thus, Plaintiff is not entitled to damages from Defendant. Further, SCDC is not a party to this action, and the Eleventh Amendment bars federal courts from entertaining an action against a state, *see, e.g., Pugh*, 438 U.S. at 782, and protects state agencies and state officials sued in their official capacity from liability for

13

monetary damages under 42 U.S.C. § 1983, *Will*, 491 U.S. at 71. Accordingly, Plaintiff's motion for medical costs should be denied.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendant's motion for summary judgment be GRANTED and Plaintiff's motion for SCDC to pay medical costs upon release be DENIED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

December 8, 2015
Greenville, South Carolina